**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MATTIE ARNOLD, *on behalf of herself and others similarly situated*, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:25-cv-00460 |
| ST. ANDREW'S RESOURCES FOR SENIORS' SYSTEM, | ) ) ) | |
| Defendant. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Before the Court is Defendant St. Andrew's Resources for Seniors' System ("St. Andrew's")'s unopposed Motion for Extension of Time, Doc. [8].  The Motion asks the Court to extend two deadlines: (1) St. Andrew's Rule 81(c)(2)(C) deadline to file a responsive pleading, and (2) Plaintiff Arnold's thirty-day deadline to file a Motion to remand this matter to the 22nd Judicial Circuit of Missouri based on procedural defects, as established by 28 U.S.C. § 1447(c).  The parties seek these extensions because of their planned efforts to resolve this matter through early mediation.  Doc. [8] at 2.  With respect to St. Andrew's responsive-pleading deadline, the Court finds good cause for the extension, and it sees no reason why it should not grant the Motion pursuant to the parties' agreement.

However, this Court has previously held that it lacks the power to extend the statutorily mandated remand deadline, and the parties have not demonstrated why this conclusion is incorrect.  *See Dreyer v. Swift Trasp. Co. of Ariz., LLC*, 4:19-cv-1859-CAS, 2019 WL 3322976, *2 (E.D. Mo. July 24, 2019) ("[T]he Court lacks the authority to extend the time for plaintiff to file a motion to remand asserting a procedural defect in removal." (citing *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 613 (3d Cir. 2003)).  Therefore, the Court will deny the motion with respect to Plaintiff's thirty-day remand deadline at this time.  Of course, should Plaintiff seek remand based on jurisdictional defects, she will be able to do so at any time.  *See Roberts v. Palmer*, 354 F. Supp. 2d 1041, 1045 (E.D. Mo. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Extension of Time, Doc. [8], is **GRANTED** in part and **DENIED** in part without prejudice.

**IT IS FURTHER ORDERED** that Defendant shall file its required response to Plaintiff's Petition no later than August 22, 2025.

Dated this 1st day of May 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE